UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS,
INC., and US BANK, N.A.,

         Plaintiff,

                                        CASE NO. 2:08-CV-11149
   v.                              JUDGE PAUL D. BORMAN
                                        MAGISTRATE JUDGE PAUL KOMIVES

OTIS JAMES BROOKS-BEY,

         Defendant.

_____/


**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO REMAND TO
STATE COURT (docket #3)**

I.    <u>RECOMMENDATION</u>: The Court should grant plaintiff US Bank's motion to remand to

state court.

II.    <u>REPORT</u>:

A.    *Procedural Background*

        Plaintiff US Bank, N.A. ("plaintiff"), obtained a Judgment of Possession against *pro se*

defendant Otis James Brooks-Bey in the 17th District Court of Michigan.  Defendant subsequently

filed an appeal of this decision in the Wayne County Circuit Court.  On March 17, 2008, defendant

removed the action to this Court.  The form Notice of Removal based removal of the action on the

diverse citizenship of the parties.  However, in his "Verified Removal" attached to the Notice of

Removal, defendant appears to base removal on a number of federal statutes.

        The matter is currently before the Court on plaintiff's motion to remand the case to state

court, filed on May 20, 2008.  Plaintiff argues that none of the statutes upon which plaintiff bases

removal support jurisdiction in this Court. Defendant has not filed a response directly addressing the motion, although he did file a "Writ to Remand Venue with D.C.U.S. for Eastern District of Michigan" on June 18, 2008, in which he argues that the case should remain in this Court. For the reasons that follow, the Court should grant plaintiff's motion to remand.

B.    *Analysis*

The removal statute provides, in relevant part:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441. Thus, under § 1441 a state court defendant may remove an action to federal court if either: (a) the case is founded on a claim or right arising under federal law; or (b) the parties are diverse in citizenship. However, a claim founded upon diverse citizenship of the parties may only be removed if the defendant is not a citizen of the state in which the state court action was brought. Pursuant to § 1447, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The burden of establishing the Court's subject matter jurisdiction rests on the party removing the case. *See Asperger v. Shop Vac Corp.*, 524 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007); *Jana Master Fund, Ltd. v. JP Morgan Chase & Co.*, 490 F. Supp. 2d 325, 328 (S.D.N.Y. 2007). Further, there is a strong presumption against removal, and all doubts regarding the federal court's jurisdiction are resolved

2

in favor of remand.  *See Asperger*, 524 F. Supp. 2d at 1091-92; *Petties v. Kindred Healthcare, Inc.*, 366 F. Supp. 2d 636, 639 (W.D. Tenn. 2005).

Here, defendant cannot show that he was entitled to removal based on the diverse citizenship of the parties.  Even if the parties are citizens of different states, defendant himself is a citizen of Michigan.[1]  As noted above, under § 1441(b) removal on the basis of diversity of citizenship may not be accomplished by a defendant sued in the courts of his own state.  *See Hutchins v. Cardiac Science, Inc.*, 456 F. Supp. 2d 173, 192 (D. Mass. 2006); *McMahon v. Presidential Airways, Inc.*, 410 F. Supp. 2d 1189, 1194-95 (M.D. Fla. 2006).

Nor can defendant establish that this Court has jurisdiction based on the existence of a question of federal law.  To determine whether the case involves a question of federal law, a court looks to the allegations of the plaintiff's well-pleaded complaint at the time of removal; the federal question must be apparent from the face of the complaint.  *See Stewart v. Berry Family Health Ctr.*, 105 F. Supp. 2d 807, 810-11 (S.D. Ohio 2000); *KVHP TV Partners, Ltd. v. Channel 12 of Beaumont, Inc.*, 874 F. Supp. 756, 759 (E.D. Tex. 1995).  Defendant has not attached a copy of plaintiff's state court complaint to his notice of removal, *see* 28 U.S.C. § 1446(a), and thus he had not met his burden of establishing that plaintiff's complaint itself raises a federal question.  The fact that defendant raises federal claims in defense of the action is irrelevant, as under the well-pleaded complaint rule "injection of a federal question in a defense or counterclaim does not create the requisite federal ground for removal to federal court."  *Farmers Co-operative Elevator v. Doden*,

---

[1]In his notice of removal defendant claims that he is a "sovereign indigenous Moor" and is a citizen of the "Washitaw Nation."  "The Washitaw Nation, however, is not recognized by the United States government, and [defendant] tells us nothing more about his citizenship."  *Sanders-Bey v. United States*, 267 Fed. Appx. 464, 466 (7th Cir. 2008).  Defendant lists his address as Redford, Michigan, and he had provided no basis to conclude that he is a citizen of any state other than Michigan.

946 F. Supp. 718, 728 (N.D. Iowa 1996); *see also*, *Metro Fund Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1998).

In short, defendant has failed to establish that he was entitled to remove this action based on the diverse citizenship of the parties because he is a citizen of the state in which the state court action was brought, and nothing in the notice of removal establishes that plaintiff's state court complaint raised a federal question over which this Court has subject matter jurisdiction. Thus, defendant has failed to establish that the Court has subject matter jurisdiction over the removed action, and the case therefore must be remanded to the state court pursuant to 28 U.S.C. § 1447(c).

C.      *Conclusion*

In view of the foregoing, the Court should grant plaintiff's motion to remand, and should remand the case to the Wayne County Circuit Court.

III.      <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: October 16, 2008

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on October 16, 2008.

s/Eddrey Butts
Case Manager